# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 12, 2022

Lyle W. Cayce
Clerk

No. 22-10016
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MARTIN PEREZ-BARRIOS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:21-CR-152-1

Before WIENER, DENNIS, and HAYNES, *Circuit Judges*.

PER CURIAM:*

Martin Perez-Barrios pleaded guilty to illegal reentry after deportation and was sentenced within the guidelines range to 37 months in prison. He asserts that he was not informed that the statutory enhancement provision in 8 U.S.C. § 1326(b)(1) was an essential element of the offense to which he was

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

pleading guilty. Perez-Barrios argues that his guilty plea thus was unknowing and involuntary. He also alleges that the statutory enhancement provisions in § 1326(b) are unconstitutional.

Perez-Barrios concedes that his arguments concerning § 1326(b) are foreclosed and indicates that he wishes to preserve them for further review. The Government has moved for summary affirmance or, alternatively, for an extension of time to file a brief.

The parties are correct that the issues raised on appeal are foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014); *United States v. Pineda-Arrellano*, 492 F.3d 624, 625-26 (5th Cir. 2007). Summary affirmance thus is appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Accordingly, the Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time to file a brief is DENIED, and the district court's judgment is AFFIRMED.